**Ex parte Jack DOBBS, Appellant.**

**Nos. 03–97–00403–CR, 03–9700404–CR.**

Court of Appeals of Texas,
Austin.

Dec. 11, 1997.

Rehearing Overruled Jan. 23, 1998.

Andrew Shuvalov, Austin, for Appellant.

Ronald Earle, Dist. Atty., C. Bryan Case, Jr., Asst. Dist. Atty., Austin, for State.

Before CARROLL, C.J., and KIDD and DALLY,* JJ.

DALLY, Justice (Retired).

These appeals are from a pretrial habeas corpus proceeding. Appellant contends that the trial court committed reversible error by not dismissing with prejudice two indictments that had been returned against him, because these indictments were not timely returned by the grand jury.

> When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of the court which is held after his commitment or admission to bail.

Act of May 1965, 59th Leg., R.S., ch. 722, art. 32.01, 1965 Tex. Gen. Laws, Vol. 2, 317, 441 (Tex.Code Crim. Proc. Ann. art. 32.01, since amended).

---

* Before Carl E.F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See*

> If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial is sustained, the court shall discharge the defendant. A discharge under this article or Article 32.01 of this code is a bar to any further prosecution for the offense discharged and for any other offense arising out of the same transaction, other than an offense of a higher grade that the attorney representing the state and prosecuting the offense that was discharged does not have the primary duty to prosecute.

Act of May 22, 1987, 70th Leg., R.S., ch. 383, § 1, 1987 Tex. Gen. Laws, 1885 (Tex.Code. Crim. Proc. Ann. art. 28.061, since amended).

In a three-count indictment appellant is charged with committing offenses against a child of aggravated sexual assault and indecency both by contact and exposure. Tex. Penal Code Ann. §§ 22.021, 21.11 (West 1994 & Supp.1998). In another two-count indictment appellant is charged with committing offenses against another child of indecency both by contact and exposure. *See* Tex. Penal Code Ann. § 21.11 (West 1994).

At the habeas corpus hearing, appellant and the State entered into the following stipulated statement of facts:

### STIPULATION OF EVIDENCE

The State and the Accused stipulate to the following factual basis:

### THE FACTUAL BASIS

A.  Accused was arrested on September 30, 1996 and made bond on the same day returnable to the 147th District Court.

B.  An indictment was returned by the grand jury of the 299th District Court and filed with the District Clerk on February 19, 1997.

C.  The terms of the 147th District Court are three month grand jury terms beginning on the first Monday in January, April, July, and October. Empaneling a grand jury is

Tex. Gov't Code Ann. § 74.003(b) (West 1988).

statutorily required. [See Tex. Gov't Code Ann. § 24.248(b), (c), (West 1988)].

D. There is no order transferring the matter from the 147th District Court to the 299th.

E. There is no motion or other request from the State for additional time in which to return an indictment of the Accused.

F. The terms of the 299th District Court are six month grand jury terms beginning on 1st Monday in January and July. [See Tex. Gov't Code Ann §§ 24.476, 24.302, 74.096 (West 1988)]. Empaneling a grand jury is optional.

G. There is an order transferring the return indictment from the 299th District Court to the 167th District Court.

Appellant argues that the terms of the 147th District Court control because the appellant made an appearance bond returnable to the 147th District Court and there is no signed order transferring the case from the 147th District Court. We disagree with appellant. Appellant was charged with the offenses of aggravated assault of a child and indecency with another child by contact, by sworn complaints filed in a Municipal Court of the City of Austin. Appellant was arrested and made an appearance bond in the municipal court conditioned on his appearance instanter before the 147th District Court or "before any court or magistrate before whom this cause may hereafter be pending at any time and place as may be required." See Tex.Code Crim. Proc. Ann. arts. 17.04, 17.08, 17.09, § 1 (West 1977 & Supp.1998). When the complaint was filed in the municipal court where the judge was sitting as a magistrate, that court had "sole jurisdiction over the complaint ... to the exclusion of all other courts, until the time the complaint was either dismissed by the court or superseded by the action of the grand jury." Ex parte Clear, 573 S.W.2d 224, 229 (Tex.Crim.App.1978); Ex parte Mitchell, 601 S.W.2d 376, 377 (Tex.Crim.App. 1980). The making of the appearance bond

returnable to the 147th District Court did not vest felony jurisdiction in that court.

"The presentment of an indictment invests the court with jurisdiction of the cause." Tex. Const. art. V, § 12(b). The filing of an indictment is essential to vest the trial court with jurisdiction over a felony offense. See Cook v. State, 902 S.W.2d 471, 475 (Tex.Crim.App.1995); Ex parte Port, 674 S.W.2d 772, 779 (Tex.Crim.App.1984); Miller v. State, 909 S.W.2d 586, 592 (Tex.App.—Austin 1995, no pet.). Here the grand jury for the 299th District Court returned the indictments against appellant charging him with the offenses with which he had been charged by complaint in the municipal court. No indictment against appellant in these cases was ever returned by a grand jury of the 147th District Court. Therefore the 147th District Court never had jurisdiction of these cases and no transfer order from that court was necessary. The indictments were returned by a grand jury empaneled by the 299th District Court within the next term of that court after appellant's admission to bail. Therefore the indictments were timely returned.

Appellant relies on Norton v. State, 918 S.W.2d 25 (Tex.App.—Houston [14th Dist] 1996, pet. granted). Appellant's reliance on that case is misplaced because of a material difference in the facts. In that case, after Norton's arrest and before he was indicted, the next term of the court in which he was indicted had elapsed.

In this case the trial court properly refused to dismiss the indictments and the charges against the appellant. We overrule appellant's points of error and affirm the district court's order denying relief.