TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00305-CR


NO. 03-97-00306-CR






The State of Texas, Appellant



v.



Kelly J. Lacey, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NOS. 0964863 & 0965082, HONORABLE TOM BLACKWELL, JUDGE PRESIDING







Appellee Kelly J. Lacey was arrested in Hays County on May 14, 1996, on an Austin
municipal court complaint accusing him of intoxication assault in Travis County. He was subsequently
released after posting a bond obligating him to appear in the "District Court" of Travis County. On
November 1, 1996, the grand jury empaneled by the 331st District Court indicted Lacey for intoxication
assault in cause number 0964863. See Tex. Penal Code Ann. § 49.07 (West 1994). On November 14,
the same grand jury reindicted Lacey for the same offense in cause number 0965082. On December 10,
Lacey filed a motion to dismiss the indictments complaining that he had not been timely indicted. See Code
of Criminal Procedure, 59th Leg., R.S., ch. 722, § 1, art. 32.01, 1965 Tex. Gen. Laws 317, 441 (Tex.
Code Crim. Proc. Ann. art. 32.01, since amended). Following a hearing, the district court granted the
motions and dismissed the prosecutions with prejudice. See Act of June 1, 1987, 70th Leg., R.S., ch. 383,
§ 1, 1987 Tex. Gen. Laws 1885 (Tex. Code Crim. Proc. Ann. art. 28.061, since amended). The State
appeals from these orders. See Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 1998).

Under the terms of article 32.01 as it read at the time, a person detained in custody or
released on bail to answer any criminal accusation before a district court was entitled to a dismissal of the
prosecution if he was not indicted on or before the last day of the next term of court following his
incarceration or admission to bail. The 331st District Court has six-month terms beginning on the first
Monday in January and July. See Tex. Gov't Code Ann. §§ 24.302, 24.477 (West 1988). Lacey
successfully argued, however, that the applicable court terms were those of the 147th District Court, which
has three-month terms beginning on the first Monday in January, April, July, and October. See Tex. Gov't
Code Ann. § 24.248(b) (West 1988). This was so, argued Lacey, because the 147th District Court is the
only district court in Travis County handling criminal cases that is statutorily required to empanel a grand
jury. Id. at § 24.248(c).

In its first point of error, the State argues that the terms of the 331st District Court
controlled the application of article 32.01 and that Lacey was timely indicted. We agree with the State for
the reasons stated in Ex parte Dobbs, 957 S.W.2d 654 (Tex. App.--Austin 1998, pet. filed). In that
case, the defendant was arrested on a complaint filed in municipal court, released on bond, and ordered
to appear in the 147th District Court. He was later indicted by the grand jury empaneled by the 299th
District Court. We concluded that the 147th District Court never had jurisdiction of the cause, that no
order transferring the cause from the 147th District Court to the 299th was necessary, and that the terms
of the 299th District Court controlled the application of article 32.01. Id. at 656.

The indictments in these causes were returned by the grand jury empaneled by the 331st
District Court at the next term of that court following Lacey's arrest and release on bond. Article 32.01
was satisfied and Lacey was not entitled to a dismissal of the prosecutions. The district court erred by
granting Lacey's motions to dismiss.

Because we sustain point of error one, we need not reach points of error two and three. (1) 
The district court's orders dismissing the prosecutions with prejudice are reversed and the causes are
remanded to that court for further proceedings.



 

 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith

Reversed and Remanded

Filed: March 12, 1998

Do Not Publish
1. In point of error two, the State contends Edwards was not entitled to a dismissal under article 32.01
because he did not seek the dismissal until after he was indicted. We recently sustained such a contention. 
See Ex parte Crowder, No. 3-97-090-CR (Tex. App.--Austin Jan. 29, 1998, pet. filed). In point three,
the State contends article 32.01 violates the constitutional separation of powers. We have rejected this
contention. See Ex parte Mallares, 953 S.W.2d 759, 763 (Tex. App.--Austin 1997, no pet.).



AME="5">299TH JUDICIAL DISTRICT


NOS. 0964863 & 0965082, HONORABLE TOM BLACKWELL, JUDGE PRESIDING







Appellee Kelly J. Lacey was arrested in Hays County on May 14, 1996, on an Austin
municipal court complaint accusing him of intoxication assault in Travis County. He was subsequently
released after posting a bond obligating him to appear in the "District Court" of Travis County. On
November 1, 1996, the grand jury empaneled by the 331st District Court indicted Lacey for intoxication
assault in cause number 0964863. See Tex. Penal Code Ann. § 49.07 (West 1994). On November 14,
the same grand jury reindicted Lacey for the same offense in cause number 0965082. On December 10,
Lacey filed a motion to dismiss the indictments complaining that he had not been timely indicted. See Code
of Criminal Procedure, 59th Leg., R.S., ch. 722, § 1, art. 32.01, 1965 Tex. Gen. Laws 317, 441 (Tex.
Code Crim. Proc. Ann. art. 32.01, since amended). Following a hearing, the district court granted the
motions and dismissed the prosecutions with prejudice. See Act of June 1, 1987, 70th Leg., R.S., ch. 383,
§ 1, 1987 Tex. Gen. Laws 1885 (Tex. Code Crim. Proc. Ann. art. 28.061, since amended). The State
appeals from these orders. See Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 1998).

Under the terms of article 32.01 as it read at the time, a person detained in custody or
released on bail to answer any criminal accusation before a district court was entitled to a dismissal of the
prosecution if he was not indicted on or before the last day of the next term of court following his
incarceration or admission to bail. The 331st District Court has six-month terms beginning on the first
Monday in January and July. See Tex. Gov't Code Ann. §§ 24.302, 24.477 (West 1988). Lacey
successfully argued, however, that the applicable court terms were those of the 147th District Court, which
has three-month terms beginning on the first Monday in January, April, July, and October. See Tex. Gov't
Code Ann. § 24.248(b) (West 1988). This was so, argued Lacey, because the 147th District Court is the
only district court in Travis County handling criminal cases that is statutorily required to empanel a grand
jury. Id. at § 24.248(c).

In its first point of error, the State argues that the terms of the 331st District Court
controlled the application of article 32.01 and that Lacey was timely indicted. We agree with the State for
the reasons stated in Ex parte Dobbs, 957 S.W.2d 654 (Tex. App.--Austin 1998, pet. filed). In that
case, the defendant was arrested on a complaint filed in municipal court, released on bond, and ordered
to appear in the 147th District Court. He was later indicted by the grand jury empaneled by the 299th
District Court. We concluded that the 147th District Court never had jurisdiction of the cause, that no
order transferring the cause from the 147th District Court to the 299th was necessary, and that the terms
of the 299th District Court controlled the application of article 32.01. Id. at 656.

The indictments in these causes were returned by the grand jury empaneled by the 331st
District Court at the next term of that court following Lacey's arrest and release on bond. Article 32.01
was satisfied and Lacey was not entitled to a dismissal of the prosecutions. The district court erred by
granting Lacey's motions to dismiss.

Because we sustain point of error one, we need not reach points of error two and three. (1)