TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00304-CR






The State of Texas, Appellant



v.



James Edwards, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0964939, HONORABLE TOM BLACKWELL, JUDGE PRESIDING







Appellee James Edwards was arrested on June 10, 1996, on an Austin municipal court
complaint accusing him of driving while intoxicated. He was released the same day after posting bond, at
which time he was ordered to appear in the 147th District Court instanter. On November 6, 1996, the
grand jury empaneled by the 331st District Court indicted Edwards for felony driving while intoxicated. 
See Tex. Penal Code Ann. §§ 49.04(a), 49.09(b) (West Supp. 1998). There was no order transferring
the cause from the 147th District Court to the 331st. On December 10, Edwards filed a motion to dismiss
the indictment complaining that he had not been timely indicted. See Code of Criminal Procedure, 59th
Leg., R.S., ch. 722, § 1, art. 32.01, 1965 Tex. Gen. Laws 317, 441 (Tex. Code Crim. Proc. Ann. art.
32.01, since amended). Following a hearing, the district court granted the motion and dismissed the
prosecution with prejudice. See Act of June 1, 1987, 70th Leg., R.S., ch. 383, § 1, 1987 Tex. Gen. Laws
1885 (Tex. Code Crim. Proc. Ann. art. 28.061, since amended). The State appeals from this order. See
Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 1998).

Under the terms of article 32.01 as it read at the time, a person detained in custody or
released on bail to answer any criminal accusation before a district court was entitled to a dismissal of the
prosecution if he was not indicted on or before the last day of the next term of court following his
incarceration or admission to bail. The 147th District Court has three-month terms beginning on the first
Monday in January, April, July, and October. See Tex. Gov't Code Ann. § 24.248(b) (West 1988). The
331st District Court has six-month terms beginning on the first Monday in January and July. See Tex.
Gov't Code Ann. §§ 24.302, 24.477 (West 1988).

Edwards was not timely indicted if, as he successfully argued below, the terms of the 147th
District Court controlled the application of article 32.01. The indictment was timely, however, if the terms
of the 331st District Court controlled, as the State contends in its first point of error. We agree with the
State for the reasons stated in Ex parte Dobbs, 957 S.W.2d 654 (Tex. App.--Austin 1998, pet. filed). 
There, as in this cause, the defendant was arrested on a complaint filed in municipal court, released on
bond, and ordered to appear in the 147th District Court. He was later indicted by the grand jury
empaneled by the 299th District Court. We concluded that the 147th District Court never had jurisdiction
of the cause, that no order transferring the cause from the 147th District Court to the 299th was necessary,
and that the terms of the 299th District Court controlled the application of article 32.01. Id. at 656.

The indictment in this cause was returned by the grand jury empaneled by the 331st District
Court at the next term of that court following Edwards's arrest and release on bond. Article 32.01 was
satisfied and Edwards was not entitled to a dismissal of the prosecution. The district court erred by granting
Edwards's motion to dismiss.

Because we sustain point of error one, we need not reach points of error two and three. (1) 
The district court's order dismissing the prosecution with prejudice is reversed and the cause is remanded
to that court for further proceedings.



 

 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith

Reversed and Remanded

Filed: March 12, 1998

Do Not Publish

1. In point of error two, the State contends Edwards was not entitled to a dismissal under article 32.01
because he did not seek the dismissal until after he was indicted. We recently sustained such a contention. 
See Ex parte Crowder, No. 3-97-090-CR (Tex. App.--Austin Jan. 29, 1998, pet. filed). In point three,
the State contends article 32.01 violates the constitutional separation of powers. We have rejected this
contention. See Ex parte Mallares, 953 S.W.2d 759, 763 (Tex. App.--Austin 1997, no pet.).


>




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0964939, HONORABLE TOM BLACKWELL, JUDGE PRESIDING







Appellee James Edwards was arrested on June 10, 1996, on an Austin municipal court
complaint accusing him of driving while intoxicated. He was released the same day after posting bond, at
which time he was ordered to appear in the 147th District Court instanter. On November 6, 1996, the
grand jury empaneled by the 331st District Court indicted Edwards for felony driving while intoxicated. 
See Tex. Penal Code Ann. §§ 49.04(a), 49.09(b) (West Supp. 1998). There was no order transferring
the cause from the 147th District Court to the 331st. On December 10, Edwards filed a motion to dismiss
the indictment complaining that he had not been timely indicted. See Code of Criminal Procedure, 59th
Leg., R.S., ch. 722, § 1, art. 32.01, 1965 Tex. Gen. Laws 317, 441 (Tex. Code Crim. Proc. Ann. art.
32.01, since amended). Following a hearing, the district court granted the motion and dismissed the
prosecution with prejudice. See Act of June 1, 1987, 70th Leg., R.S., ch. 383, § 1, 1987 Tex. Gen. Laws
1885 (Tex. Code Crim. Proc. Ann. art. 28.061, since amended). The State appeals from this order. See
Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 1998).

Under the terms of article 32.01 as it read at the time, a person detained in custody or
released on bail to answer any criminal accusation before a district court was entitled to a dismissal of the
prosecution if he was not indicted on or before the last day of the next term of court following his
incarceration or admission to bail. The 147th District Court has three-month terms beginning on the first
Monday in January, April, July, and October. See Tex. Gov't Code Ann. § 24.248(b) (West 1988). The
331st District Court has six-month terms beginning on the first Monday in January and July. See Tex.
Gov't Code Ann. §§ 24.302, 24.477 (West 1988).

Edwards was not timely indicted if, as he successfully argued below, the terms of the 147th
District Court controlled the application of article 32.01. The indictment was timely, however, if the terms
of the 331st District Court controlled, as the State contends in its first point of error. We agree with the
State for the reasons stated in Ex parte Dobbs, 957 S.W.2d 654 (Tex. App.--Austin 1998, pet. filed). 
There, as in this cause, the defendant was arrested on a complaint filed in municipal court, released on
bond, and ordered to appear in the 147th District Court. He was later indicted by the grand jury
empaneled by the 299th District Court. We concluded that the 147th District Court never had jurisdiction
of the cause, that no order transferring the cause from the 147th District Court to the 299th was necessary,
and that the terms of the 299th District Court controlled the application of article 32.01. Id. at 656.

The indictment in this cause was returned by the grand jury empaneled by the 331st District
Court at the next term of that court following Edwards's arrest and release on bond. Article 32.01 was
satisfied and Edwards was not entitled to a dismissal of the prosecution. The district court erred by granting
Edwards's motion to dismiss.

Because we sustain point of error one, we need not reach points of error two and three. (1) 
The district court's order dismissing the prosecution with prejudice is reversed and the cause is remanded
to that court for further proceedings.