**Todd A. HIXSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–97–288–CR, 13–97–349–CR.**

Court of Appeals of Texas, Corpus Christi.

April 23, 1998.

Rehearing Overruled June 11, 1998.

---

R. Robert Willmann, Jr., San Antonio, for Appellant.

Carlos Valdez, District Attorney, James D. Rosenkild, Asst. District Attorney, Corpus Christi, for the State.

Before SEERDEN, C.J., and YANEZ and CHAVEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Todd Hixson, appellant, pleaded nolo contendere to the felony offense of driving while intoxicated. The 28th District Court found Hixson guilty, and in conformance with his plea agreement, assessed punishment at a $500 fine and five years imprisonment probated for five years. In three points of error, Hixson challenges the denial of his pre-trial writ of habeas corpus and his pre-trial motion to dismiss on the grounds that he was not timely indicted. We affirm.

### FACTUAL BACKGROUND

The facts in this case are undisputed. Hixson was arrested on June 18, 1994, for the felony offense of driving while intoxicated. He was released on bail the same day. Hixson was indicted for this offense on February 3, 1995, and re-indicted on May 25, 1995. The indictment was presented in the 28th District Court of Nueces County.

Almost two years after indictment, on March 10, 1997, Hixson filed a pretrial application for writ of habeas corpus and a motion to dismiss, each based upon his claim that he was not timely indicted in accordance with article 32.01 of the Texas Code of Criminal Procedure. Specifically, Hixson argued that his indictment was not filed in the 28th District Court before the end of the next term of court held after his admission to bail. *See* Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, 1965 Tex. Gen. Laws 317, 441 (amended 1997) (current version at TEX.CODE CRIM. PROC. ANN. art. 32.01 (Vernon Supp.1998)) (requiring the indictment be "presented against such defendant at the next term of the court which is held after his commitment or admission to bail."). On May 29, 1997, after hearing both the writ and the motion together, the 28th District Court denied Hixson's requested relief. The denial of relief requested in his application for writ of habeas corpus was appealed. (Cause number 13–97–288–CR).

On June 9, 1997, Hixson pleaded nolo contendere to the May 25th indictment and was placed on community supervision for a period of five years. The judgment was signed on July 2, 1997. Subsequently, Hixson perfected appeal on the denial of his pretrial motion to dismiss. (Cause number 13–97–349–CR). On August 14, 1997, we granted Hixson's motion to consolidate both appeals.

### DISCUSSION

In three points of error, appellant argues that the trial court erred in refusing his pretrial writ of habeas corpus, and by denying his pretrial motion to dismiss. Specifically, appellant argues that, because the State

failed to indict him within the next term of court following his arrest, the trial court was required by article 32.01 and article 28.061 to dismiss the prosecution against him with prejudice.

In response, the State argues that Hixson failed to meet his burden on his writ and pretrial motion, and that article 28.061 is unconstitutional as violative of the separation of powers doctrine. Because we hold that appellant has failed to meet his burden, we need not reach the issue of the constitutionality of article 28.061.

The controlling issue raised by appellant in both the writ for habeas corpus and the motion to dismiss is whether the February 3, 1995 indictment met the deadline imposed under article 32.01 of the Texas Code of Criminal Procedure as it read at the time of Hixson's arrest.

At the time of Hixson's arrest, article 32.01 provided:

When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of the court which is held after his commitment or admission to bail.

Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, 1965 Tex. Gen. Laws 317, 441 (amended 1997).[1]

Appellant, applying the terms of the 28th District Court, argues that the indictment was untimely presented under article 32.01. The terms of court of the 28th District Court of Nueces County, Texas, run from the first Monday in January to July, and from the

first Monday in July to January. TEX. GOV'T CODE ANN. § 24.130 (Vernon 1988). Hixson's arrest on June 18, 1994, took place in the January–July term. Therefore, appellant argues, the State was obligated under article 32.01 to indict him by the end of the July–January term. This term ran from the first Monday in July 1994 (July 4, 1994), to the first Monday in January 1995 (January 2, 1995). Therefore, Hixson concludes, because the indictment was not filed in the 28th District Court until February 3, 1995, the indictment must be dismissed and his bail discharged.

However, as the State points out, there are other district courts in Nueces County with different terms. For example, while the 28th District Court's terms operate under January–July, July–January terms, the 105th District Court operates under February–August, August–February terms, and the 319th District Court operates under April–October, October–April terms. TEX. GOV'T CODE ANN. §§ 24.130(c), 24.207(b)(3), 24.627(b) (Vernon 1998). Because of these differences, the February 3, 1995 indictment would be timely under article 32.01 applying the terms of either the 105th or the 319th District Court, but untimely in the 28th District Court.

It becomes obvious, therefore, that the question of whether the February 3, 1995 indictment was timely filed in accordance with article 32.01 turns on which court's terms apply. As best as we can tell, this is an issue of first impression. The only court to recognize the particular issue before us is the Austin Court of Appeals in *Ex parte Mallares*, 953 S.W.2d 759, 763 n. 5 (Tex. App.—Austin 1997, no pet. h.). The Austin Court, however, expressed no opinion on the issue because the parties there agreed upon which court's terms should apply.[2]

1. In May 1997, the Texas Legislature amended article 32.01, effective only for offenses occurring on or after May 26, 1997. *See* TEX.CODE CRIM. PROC. ANN. ART. 32.01 (Vernon Supp.1998). Article 32.01 currently provides:

. When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and

the bail discharged, if indictment or information be not presented against such defendant on or before the last day of the next term of the court which is held after his commitment or admission to bail or on or before the 180th day after the date of commitment or admission to bail, whichever date is later.

2. The Austin Court stated:

Another problem not mentioned by the state arises in counties such as Hays having multiple

■ We hold that the relevant terms must be those of the district court in which the initial appearance (where the decision to detain in custody or hold to bail) was made.

At Hixson's arrest, article 32.01 provided that when a defendant has been "held to bail for his appearance to answer any criminal accusation before *the* district court," the prosecution shall be dismissed if an indictment is "not presented against such defendant at the next term of *the* court...." Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, 1965 Tex. Gen. Laws 317, 441 (amended 1997) (emphasis added). Accordingly, from a plain reading of former article 32.01, focusing on the legislature's use of "*the* district court," the applicable terms of court must be those of the only court involved at that point; that is, the district court which has set the accused's bail or held the accused in custody.[3]

To interpret the statute otherwise would give the parties no frame of reference in which to operate. For example, in Nueces County, the district court in which the indictment will ultimately be filed is, at the time the defendant's bail is set, unknown.[4] Therefore, the prosecution, under the interpretation urged by appellant, would have no way of telling by when the indictment must be filed in the district court to be considered timely.[5] Similarly, the defendant would have no way of knowing exactly when his restraint (being held in custody or under bail) is deemed unreasonable under article 32.01 until an indictment is filed. Having such knowledge prior to the presentment of the indictment is of particular importance to a defendant in light of the recent amendment to article 28.061 which arguably, once again, requires a defendant to raise an article 32.01 violation prior to indictment or else have his complaint dismissed as moot. TEX.CODE CRIM. PROC. ANN. art. 28.061 (Vernon Supp. 1998) (reflecting 1997 amendment, effective May 26, 1997, deleting language making a discharge under 28.061 applicable to discharges for delay in indictment under article 32.01); *see also Tatum v. State,* 505 S.W.2d 548, 550 (Tex.Crim.App.1974) (defendant's failure to obtain a ruling on article 32.01 complaint before indictment renders complaint moot).

■ As stated above, the record clearly shows that the indictment in the case at hand was filed in the 28th District Court. There is, however, nothing in the record indicating which of the eight district courts in Nueces County set Hixson's bail. Such must necessarily be part of defendant's burden in alleging a violation of article 32.01.

Furthermore, because of the different terms of district courts in Nueces County, the applicable district court terms cannot be established as a matter of law. *See State v. Ybarra,* 942 S.W.2d 35, 37 (Tex.App.—Corpus Christi 1996, pet. granted) (because all district courts in Hidalgo County have same statutorily defined terms of court, applicable court term was established as a matter of law).

Accordingly, we hold that Hixson failed to meet his burden of showing a violation of article 32.01. Having failed to meet his burden, we cannot say the trial court erred in

---

district courts with different terms. Which court term controls under article 32.01? ... [T]he legislature would do well to consider the problems that arise under the statute due to the lack of uniform court terms.
*Mallares,* 953 S.W.2d at 763 n. 5 (citations omitted).

3. Under our interpretation, article 32.01 applies only where the defendant's initial appearance is made before the district court. To the extent other courts apply article 32.01 to cases where the initial appearance is made before a municipal court or some other non-district court, we disagree with such application. *See e.g. Ex parte Dobbs,* 957 S.W.2d 654 (Tex.App.—Austin 1997, no pet. h.).

4. The Rules of Judicial Administration of Nueces County, Texas, in effect at all relevant times, provide that a person accused of a felony is to be taken before a district court, assigned on a rotating basis, for his initial appearance. LOCAL R. 5.115 & 5.116. After indictment, the clerk is to randomly assign criminal cases to a district court. LOCAL R. 5.146.

5. Despite the amendment to article 32.01 giving the prosecution a minimum of 180 days in which to present the indictment, use of the "next term of the court" language would still, under Hixson's interpretation, leave the parties unsure of the presentment deadline. *See* TEX.CODE CRIM. PROC. ANN. art. 32.01 (Vernon Supp.1998).

denying Hixson's writ of habeas corpus or his motion to dismiss.

We overrule all points of error, and affirm the judgment of the trial court.