Todd A. HIXSON, Appellant,

v.

The STATE of Texas.

Nos. 1488–98, 1489–98.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 18, 1998.

R. Robert Willmann, Jr., San Antonio, for appellant.

James D. Rosenkild, Asst. Dist. Atty., Corpus Christi, Matthew Paul, State's Atty., Austin, for the State.

*OPINION*

PER CURIAM.

Appellant's indictments were presented in the 28th District Court of Nueces County. Appellant was convicted of felony driving while intoxicated. The trial court assessed punishment at five years of confinement and a $500 fine, and the court placed Appellant on community supervision.

Appellant sought pretrial habeas corpus relief and he filed a motion to dismiss the indictment. Appellant argued that he was not timely indicted in the 28th District Court because the indictment was not presented during the next term of the 28th District Court that was held after his admission to bail, as required by Article 32.01, V.A.C.C.P. The trial court denied habeas corpus relief and denied the motion to dismiss. On appeal, the Court of Appeals held that the term of court referred to in Art. 32.01 is the term of the court which set Appellant's bail or held Appellant in custody. *Hixson v. State*, 969 S.W.2d 102 (Tex.App.—Corpus Christi 1998). The Court of Appeals further held that because the record did not show which of the eight Nueces County district courts set bail, and the indictment would have been timely based on the term of some of the district courts, Appellant failed to show he was not timely indicted. *Id.*

Appellant filed petitions for discretionary review in which he challenges the Court of Appeals' holding regarding the relevant term of court under Art. 32.01. The Court of Appeals did not have the benefit of our recent decision in *Ex parte Dobbs*, 978 S.W.2d 959 (Tex.Crim.App. 1998), in which we held that after an indictment is presented, the term of court for purposes of Art. 32.01 is the term of the court in which the indictment has been presented. Consequently, we grant Appellant's petitions for discretionary review and remand the cases to the Court of Appeals for reconsideration in light of *Dobbs*.