Ex parte Theodore MAPULA.

No. 52853.

Court of Criminal Appeals of Texas.

July 19, 1976.

Joseph S. Chagra, El Paso, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from an order entered in the 34th District Court refusing the application for reducing bail and ordering the appellant held without bail.

It appears that the appellant was charged in Justice of the Peace court with capital murder, and the magistrate set the bail at $50,000.00. The appellant then made habeas corpus application to the District Court for reduction of bail. After hearing evidence the court did not remand or reduce the bail set as excessive, but upon oral motion of the district attorney ordered the appellant held without bail.

The question presented is whether District Court may upon habeas corpus proceeding to reduce bail order the accused held without bail in a capital murder case where the jurisdiction of the cause is still in the Justice of the Peace Court.

The record does not reveal whether there had been an examining trial in Justice Court, but does reflect that the magistrate had determined that it was a bailable case and set bail at $50,000.00. Appellant then sought to invoke the habeas corpus jurisdiction of the District Court seeking reduction of bail.

Article I, Sec. 12 of the State Constitution provides:

"The writ of habeas corpus is a writ of right, and shall never be suspended. The Legislature shall enact laws to render the remedy speedy and effectual."

Article 11.01, Vernon's Ann.C.C.P., defines the writ of habeas corpus. The District Court is given the power to issue the writ of habeas corpus by Article V, Sec. 8 of the State Constitution and Article 11.05, Vernon's Ann.C.C.P.

Article 11.23, Vernon's Ann.C.C.P., provides:

"The writ of habeas corpus is intended to be applicable to all such cases of con-

finement and restraint, where there is no lawful right in the person exercising the power, or where, though the power in fact exists, it is exercised in a manner or degree not sanctioned by law."

Article 11.24, Vernon's Ann.C.C.P., provides:

"Where a person has been committed to custody for failing to enter into bond, he is entitled to the writ of habeas corpus, if it be stated in the petition that there was no sufficient cause for requiring bail, or that the bail required is excessive. If the proof sustains the petition, it will entitle the party to be discharged, or have the bail reduced."

Article 11.41, Vernon's Ann.C.C.P., specifically related to a capital offense and provides:

"If it appears by the return and papers attached that the party stands indicted for a capital offense, the judge or court having jurisdiction of the case shall, nevertheless, proceed to hear such testimony as may be offered on the part of the State and the applicant, *and may either remand or admit him to bail,* as the law and the facts may justify." (Emphasis supplied.) See and cf. Article 11.44, Vernon's Ann.C.C.P.

There is no showing that an indictment had been returned. Therefore, the Justice of the Peace still had jurisdiction over the cause wherein the magistrate had set bail. The filing of the habeas corpus petition invoked the habeas corpus jurisdiction of the District Court, which permitted such court to remand, after hearing, if the court found the applicant to be legally restrained, or to reduce the bond of bail set if it was excessive, but the habeas corpus jurisdiction of the District Court did not give it jurisdiction to order that bail be denied (or increased) on oral motion of the State when another court still retained jurisdiction of the cause. See and cf. *Ex parte McCorkle,* 29 Tex.App. 20, 13 S.W. 991 (1890).

The trial court's order denying bail is set aside.

It is so ordered.