### Ex parte Andrew Lee MITCHELL.

### No. 64522.

Court of Criminal Appeals of Texas,
Panel No. 1.

July 16, 1980.

Curtis L. Owen, Tyler (Court-appointed), for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and DALLY, JJ.

### OPINION

ROBERTS, Judge.

The appellant has been indicted for capital murder and the district court has refused to admit him to bail. The district court also undertook to set bail at $25,000 on a separate complaint for felony theft which we understand to have been filed in the justice court. The appellant applied to the district court for habeas corpus relief. The court issued the writ, held a hearing, and denied relief. This appeal followed.

■ Insofar as the district court attempted to set bail in the theft case which had been filed as a complaint in the justice court, it acted without jurisdiction. Only the justice court had jurisdiction of that complaint until it was dismissed by that court or superseded by the action of the grand jury (or by a waiver of the right to a grand jury). *Ex parte Clear,* 573 S.W.2d 224 (Tex.Cr.App. 1978). That portion of the district court's order which set bail at $25,000 on the theft complaint is void and is reversed.

■ In the capital murder case the district court found that the proof was evident and denied bail. The law which controls our consideration of such cases was stated in *Ex parte Wilson,* 527 S.W.2d 310, 311 (Tex.Cr.App. 1975) (citations omitted):

"The Constitution of the State of Texas, Art. 1, Sec. 11, and the Code of Criminal Procedure, Art. 1.07, both provide that all prisoners are entitled to bail except those charged with a capital offense 'when the proof is evident.'

"The term 'proof is evident' means that the evidence is clear and strong, leading a well-guarded and dispassionate judgment to the conclusion that the offense of capital murder has been committed; that the accused is the guilty party; and that the accused will not only be convicted but that the jury will return findings which will require a sentence of death.

"The burden of proof is on the State to establish that the proof is evident. *  *

"It is the firmly established policy of this Court to refrain from setting out the facts in detail or commenting on the sufficiency of the evidence since the case has not yet been tried on the merits.

"The decision of the trial judge that the proof was evident is entitled to weight on appeal, but it is the duty of this Court to examine the evidence and to determine for ourselves if bail was properly denied."

The State alleged that the appellant murdered Keith Wills in the course of committing robbery. Chantel Woodhull, a deputy sheriff, had no evidence to link the appellant to the crime. A significant part of her testimony was that the arrest of the appellant for theft was made before the investigation for murder was completed. The State presented one other witness. Edward Owens gave testimony which described the appellant's participation in the crime, but his testimony was that of an accomplice witness. (Owens said that he "did not participate" in the murder, but that statement can only be understood to mean that he did not fire the shots. He admitted that he joined in a search for weapons, that he provided the murder weapon, that he said "Let's go" when the robbery was proposed, that he stayed in the car with a gun during the robbery, that he "thinks" he warned the appellant of an approaching car during the robbery, and that he shared in the proceeds of the robbery.) There was no other, corroborative evidence which would tend to connect the appellant to the crime. V.A.C.C.P. Article 38.14 provides:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

Without any corroborative evidence, the proof of the appellant's guilt cannot be said to be "evident." *Cf. Ex parte Thrash,* 167 Tex.Cr. 409, 320 S.W.2d 357 (1959) (confession of co-indictee not sufficient to authorize denial of bail).

The order denying bail is reversed and the cause is remanded with directions to set bail at a reasonable amount.