**Ex Parte Donte CHAVFULL
a/k/a Donte T. Chavfull.**

No. 04–96–00863–CR.

Court of Appeals of Texas,
San Antonio.

March 19, 1997.

Mario A. Trevino, San Antonio, for appellant.

Edward F. Shaughnessy, III, Assistant Criminal District Attorney, San Antonio, for appellee.

Before HARDBERGER, C.J., and LÓPEZ, and GREEN, JJ.

## OPINION

LÓPEZ, Justice.

This is an accelerated appeal from an order denying a reduction in bail. Bail was originally set at $750,000.00. After an evidentiary hearing, appellant's request for a reduction was denied.

In one point of error, appellant contends the trial court erred in failing to reduce the bond. Instead of responding to appellant's contention, the State responds by asserting that the trial court was without jurisdiction to enter the order. We find the trial court had jurisdiction to deny the reduction and affirm.

■ We will first address the State's jurisdictional argument. The State's argument is that the 187th District Court lacked jurisdiction to deny the reduction because the indictment was not filed in that court at the time the ruling was made and there is no indication in the record that bail was originally set by that court. The State relies on two cases, *Ex parte Clear*, 573 S.W.2d 224 (Tex.Crim. App.1978), and *Ex parte Mitchell*, 601 S.W.2d 376 (Tex.Crim.App.1980), to contend that the only court with jurisdiction to reduce the bond is the court that originally set the bond. Since the record does not indicate that the 187th district court had originally set the bond, the State asserts the court was

without jurisdiction to entertain the habeas application.[2]

In *Ex parte Clear*, the Court of Criminal Appeals held that a district judge was without jurisdiction to increase the amount of a defendant's original bond that was set by the justice court because the justice court possessed "sole jurisdiction over [the] complaint against relator, to the exclusion of all other courts, until such time that the complaint was either dismissed by the court or superseded by the action of the grand jury, or until the time that the requirements of Article 1.141 of the Code of Criminal Procedure had been met." 573 S.W.2d at 229. In *Ex parte Mitchell*, a district court undertook to set bail on a complaint for felony theft that had been filed in a justice court. 601 S.W.2d at 376. Citing *Ex parte Clear*, the Court of Criminal Appeals held that "[i]nsofar as the district court attempted to set bail in the theft case which had been filed as a complaint in the justice court, it acted without jurisdiction. Only the justice court had jurisdiction of that complaint until it was dismissed by the court or superseded by the action of the grand jury (or by a waiver of the right to a grand jury)." *Ex parte Mitchell*, 601 S.W.2d at 377.

The State does not cite and does not reconcile the foregoing decisions with an earlier decision by the Court of Criminal Appeals in *Ex parte Mapula*, 538 S.W.2d 794 (Tex.Crim. App.1976). In that case, the magistrate in a justice court originally set bail at $50,000.00. *Id.* at 794. The appellant applied for habeas corpus relief in district court seeking a reduction in the amount of the bail. *Id.* Rather than reducing the amount of the bail, the district court, upon the State's oral motion, ordered the appellant held without bail. *Id.* The Court of Criminal Appeals noted that there was no showing than an indictment had been returned; therefore, the justice court

2. We note that the State did not raise the jurisdictional issue before the trial court. Although we acknowledge that it is generally the appellant's burden to bring forth a sufficient record, in light of the State's delay in raising its jurisdictional contention, we do not find it surprising that the appellant did not consider it imperative for the documents indicating which court originally set the bond to appear in the transcript.

still had jurisdiction over the cause. *Id.* at 795. The court then held:

> The filing of the habeas corpus petition invoked the habeas corpus jurisdiction of the District Court, which permitted such court to remand, after hearing, if the court found the applicant to be legally restrained, or to reduce the bond of [sic] bail set if it was excessive, but the habeas corpus jurisdiction of the District Court did not give it jurisdiction to order that bail be denied (or increased) on oral motion of the State when another court still retained jurisdiction of the cause.

*Id.*

 Reading the three opinions consistently, if another court has set the amount of bail and an application for habeas relief is filed seeking a reduction in the amount, it would appear the district court would have jurisdiction to deny the requested relief or reduce the amount of bail; however, the district court would not have jurisdiction to vacate the bail originally set or increase it. Although there is no evidence in our record of which court set the original bail in the instant case, we hold that the filing of the application for habeas relief invoked the habeas corpus jurisdiction of the 187th, which then had jurisdiction to deny the reduction. *Ex parte Mapula,* 538 S.W.2d at 795.

In addition to the support found in *Ex parte Mapula,* this holding is consistent with the result reached in other cases. For example, in *Ex parte Williams,* the appellant was charged by information in the county criminal court at law for unlawfully carrying a weapon and filed an application for habeas relief contending the statute was unconstitutional. 786 S.W.2d 781, 782 (Tex.App.—Houston [1st Dist.] 1990, pet ref'd). The State contended the district court was without jurisdiction because the application should have been filed in the county criminal court at law. *Id.* at 782. The Houston appellate court asserted that if the State's contention was accepted, the appellant would be precluded from obtaining relief from illegal confinement if he could not get relief from the judge hearing the case. *Id.* The court further stated:

> Merely because the county court at law has jurisdiction of a case does not mean that only the county court can grant an applicant habeas corpus relief. The Code of Criminal Procedure provides that *any* judge of the district court has the power to issue a writ of habeas corpus. This means that a district judge may hear a writ of habeas corpus and *grant relief* even though an indictment for the offense is pending in the county court.

*Id.* If a district court has habeas jurisdiction when an indictment is pending in another court, it follows that a district court has habeas jurisdiction when a mere complaint is pending in another court as must have been the status of the case when appellant filed his application.

Finally, in *Garber v. State,* 667 S.W.2d 611, 612 (Tex.App.—El Paso 1984, no pet.), an indictment was pending in the 34th District Court, and a petition for habeas relief was filed and assigned to the 41st District Court. The 41st District Court heard the petition and granted relief, dismissing the indictment. *Id.* Subsequently, the 41st District Court granted a Motion for Reinstatement, and the 34th District Court denied a motion to dismiss the cause based on the prior dismissal by the 41st District Court. *Id.* The El Paso appellate court considered the jurisdiction of the 41st District Court to initially hear the petition and grant relief. *Id.* at 612–13. The court noted that while article 4.16 of the Code of Criminal Procedure "provides that the first court in which an indictment or complaint is filed shall retain jurisdiction of a case over which two or more courts have concurrent jurisdiction," the statute does not "preclude or oust the jurisdiction of the other court or courts." *Id.* at 613. The court asserted that even if mandatory priority of jurisdiction existed in one court, such jurisdiction could be waived in favor of another court with potential jurisdiction over the territory of the offense, the level of the offense and the person of the defendant. *Id.* The court noted that the State appeared at the hearing before the 41st District Court and did not object to the court's jurisdiction. *Id.* Therefore, the court concluded that the State's failure to object constituted a waiver

of any jurisdictional priority between the two district courts. *Id.*

■ Similarly, the State appeared at the evidentiary hearing in the instant case and did not object to the court's jurisdiction. Assuming that the complaint had been filed and bail set by another district court, the State's failure to object at the evidentiary hearing waived any jurisdictional priority between the two courts.

Therefore, we hold the State's contention regarding the trial court's jurisdiction is without merit. Rather than addressing appellant's contention in this case, the State elected to limit its response to its jurisdictional argument. We note that this is a dangerous practice for the State to adopt and would discourage the State from adopting such a posture in future cases where the record and the law do not clearly support the State's contention.

■ In his sole point of error, appellant argues that the trial court erred in failing to reduce the bond. A person seeking a reduction in bail has the burden of showing that the amount set is excessive. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex.Crim.App. 1981); *Eggleston v. State*, 917 S.W.2d 100, 102 (Tex.App.—San Antonio 1996, no pet.). Article 17.15 of the Texas Code of Criminal Procedure lists five factors courts must consider in determining the appropriate amount of bail. TEX.CODE CRIM.PROC.ANN. art. 17.15 (Vernon Supp.1996). "Because there is no recognized standard of review for bail reduction cases," we review the evidence before the trial court in light of these same factors. *Ex parte Prelow*, 929 S.W.2d 54, 55 (Tex. App.—San Antonio 1996, no pet.).

First, the bail must be sufficiently high to give reasonable assurance that the undertaking will be complied with. Appellant's mother was the sole witness to testify at the evidentiary hearing. She testified that her son was born in San Antonio and was attending college in San Antonio when he was arrested. Appellant's mother further testified that the appellant was single and was living with her when he was arrested. Finally, appellant's mother stated he would reside with her if he was able to make bond.

Second, the power to require bail is not to be used as an instrument of oppression. Appellant's mother testified that she lacked the resources to post bond and that perhaps she and her family could raise $1,000.00. Although appellant's mother also stated that appellant was not working before he was arrested and did not have any money, her testimony regarding appellant's ability to pay bail is inconclusive. *See Eggleston*, 917 S.W.2d at 102. As the State argued:

> We don't know what his bank account is, if he has a bank account, if he owns stocks. We know nothing about the defendant's financial condition, that is his financial condition. It is not incumbent upon the family to make bond, although, in reality, they often do. He has not proven the bond is excessive as to Donte Chavfull.

Third, the nature of the offense and the circumstances under which it was committed are considered. Appellant has been charged with knowingly and intentionally causing the death of an individual by shooting him with a firearm in the course of committing and attempting to commit a robbery. The statement of another individual in the car with appellant at the time of the shooting indicates that it was appellant's intention to rob the victim and that the appellant pointed the gun at the victim while requesting his wallet. The murder log indicates that while the victim, who was a cab driver, was waiting to pick up a fare, the "[s]uspects, driving a stolen vehicle, approached [him] attempted to rob him of his wallet and then shot him one time in the chest." The trial court noted in its ruling that the offense fits into the general category of a capital murder.

Fourth, the ability to make bail is to be regarded, and proof may be taken upon this point. As previously noted, the appellant did not testify about his ability to pay bail, and the mother's testimony as to his financial circumstances is inconclusive. *Eggleston*, 917 S.W.2d at 102.

Fifth, the future safety of a victim of the alleged offense and the community shall be considered. Evidence was presented that appellant was previously convicted of assault, that he was arrested for failure to identify

himself and two cocaine offenses and that charges were pending against appellant for theft by check. Furthermore, the evidence indicates that appellant was associating with individuals who were previously convicted, who had intentions of committing additional crimes on the night of the murder, and who are suspected in other crimes, including at least one additional murder. The trial court concluded that appellant posed a potential danger to the community as a whole based on his prior history.

After considering the foregoing, the trial court believed that a reduction in the bail was unwarranted. After reviewing the evidence, particularly the violent nature of the crime, the absence of evidence regarding appellant's individual resources, and appellant's past history and the potential danger he poses to the community, we affirm.

GREEN, Justice, concurs in result only.