**Ex parte Jack DOBBS.**

Nos. 0329–98, 0330–98.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 26, 1998.

Andrew Shuvalov, Austin, for appellant.

C. Bryan Case, Jr., Assist. DA, Matthew Paul, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WOMACK, Judge, delivered the opinion of the Court in which McCORMICK, Presiding Judge, and BAIRD, MEYERS, MANSFIELD, KELLER, PRICE and HOLLAND, Judges, joined.

The issue in this case is whether the court whose term is relevant to a dismissal under Code of Criminal Procedure article 32.01 is determined by reference to a condition in a bond requiring a defendant to appear in court. We hold that it is not.

The appellant was charged by complaints in the Austin Municipal Court with the offenses of aggravated sexual assault of a child and indecency with a child. The municipal judge issued warrants.

On September 30, 1996, the appellant was arrested and made personal bonds, the conditions of which were that he would "appear before the 147th District Court," and that he further swore that he would "appear before any court or magistrate before whom this cause may hereafter be pending." One hundred forty-two days later (on February 19, 1997) the grand jury of the 299th Judicial District Court presented two indictments which were transferred from the 299th Judicial District Court to the 167th Judicial District Court.

The appellant presented motions to dismiss the indictments against him because they had not been presented at the next term of the 147th Judicial District Court which was held after his commitment and admission to bail. The district court denied his motions. When he sought habeas corpus relief for the same reason, the district court denied relief and these appeals were taken.

When these events took place, Code of Criminal Procedure article 32.01 read:

When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall

be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of the court which is held after his commitment or admission to bail.[1]

According to the district clerk's "General Guide No. 2: Terms of Court and Grand Jury Empanelings," copies of which the appellant attached to his motions to dismiss, two grand juries were in session simultaneously in Travis County, one in the 147th Judicial District Court and one in the 299th Judicial District Court. The three-month terms of the 147th Judicial District Court begin on the first Mondays in January, April, July, and October.[2] Therefore an indictment was not presented against the appellant at the next term of the 147th Judicial District Court which was held after his admission to bail; that term was the October Term, 1996, which had ended by the first Monday in January, 1997. But an indictment was presented against the appellant at the next term of the 299th Judicial Court which was held after his admission to bail. The six-month terms of the 299th Judicial District Court begin on the first Mondays in January and July;[3] the next term after the release of the appellant on bail was the January Term, 1997, at which the indictments were presented. The question is, which court's term was "the next term of the court which [was] held after his commitment or admission to bail" under article 32.01—the court named on the bond or the court in which he was indicted?

In addressing this question, the court of appeals said:

Appellant argues that the terms of the 147th District Court control because the appellant made an appearance bond returnable to the 147th District Court and there is no signed order transferring the case from the 147th District Court. We

disagree with appellant. Appellant was charged with the offenses of aggravated assault of a child and indecency with another child by contact, by sworn complaints filed in a Municipal Court of the City of Austin. Appellant was arrested and made an appearance bond in the municipal court conditioned on his appearance instanter before the 147th District Court or "before any court or magistrate before whom this cause may hereafter be pending at any time and place as may be required." See Tex.Code Crim. Proc. Ann. arts. 17.04, 17.08, 17.09, § 1 (West 1977 & Supp.1998). When the complaint was filed in the municipal court where the judge was sitting as a magistrate, that court had "sole jurisdiction over the complaint ... to the exclusion of all other courts, until the time the complaint was either dismissed by the court or superseded by the action of the grand jury." Ex parte Clear, 573 S.W.2d 224, 229 (Tex.Crim.App.1978); Ex parte Mitchell, 601 S.W.2d 376, 377 (Tex.Crim.App. 1980). The making of the appearance bond returnable to the 147th District Court did not vest felony jurisdiction in that court.

"The presentment of an indictment invests the court with jurisdiction of the cause." Tex. Const. art. V, § 12(b). The filing of an indictment is essential to vest the trial court with jurisdiction over a felony offense. See Cook v. State, 902 S.W.2d 471, 475 (Tex.Crim.App.1995); Ex parte Port, 674 S.W.2d 772, 779 (Tex.Crim.App. 1984); Miller v. State, 909 S.W.2d 586, 592 (Tex.App.—Austin 1995, no pet.). Here the grand jury for the 299th District Court returned the indictments against appellant charging him with the offenses with which he had been charged by complaint in the

---

1. Act of June 18, 1965, 59th Leg., R.S., ch. 722, § 1, 1965 Tex. Gen. Laws, vol. 2, p. XXX, amended by Act of May 26, 1997, 75th Leg., R.S., ch. 298, § 2, 1997 Tex. Gen. Laws 1304. The 1997 Act amended article 32.01 thus:

   When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and

the bail discharged, if indictment or information be not presented against such defendant on or before the last day of [at] the next term of the court which is held after his commitment or admission to bail or on or before the 180th day after the date of commitment or admission to bail, whichever date is later.

2. TEX. GOV'T CODE § 24.248(b).

3. See id. §§ 24.302, 24.476.

municipal court. No indictment against appellant in these cases was ever returned by a grand jury of the 147th District Court. Therefore the 147th District Court never had jurisdiction of these cases and no transfer order from that court was necessary. The indictments were returned by a grand jury empaneled by the 299th District Court within the next term of that court after appellant's admission to bail. Therefore the indictments were timely returned.

*Ex parte Dobbs*, 957 S.W.2d 654, 656 (Tex. App.—Austin 1997) (Dally, J.).

We granted review of the appellant's ground that the court of appeals had misconstrued chapters 17 and 32 of the Code of Criminal Procedure.[4] We find ourselves in complete agreement with the court of appeals.

The appellant argues that "the Code requires the defendant to appear in the court designated in his bond or any court to which the same may be transferred," and the reference to "the next term of the court" in Article 32.01 "can only be referring to 'the court' [in] which the magistrate has directed the accused to appear."[5] We find no authority in the law for the magistrate who releases a defendant on personal bond,[6] or who fixes the amount of bail,[7] to choose the court in which an indictment or information must be filed, or to determine the court to which Article 32.01 refers. To the contrary, the statutes specifically require that a bail bond "shall also bind the defendant to appear before any court or magistrate before whom the cause may thereafter be pending at any time when, and place where, his presence may be required under this Code or by any court or magistrate."[8] The same requirement applies to a personal bond.[9]

The appellant emphasizes the provision of Code of Criminal Procedure article 17.09, section 1 that a bond "shall be valid ... for the defendant's personal appearance before the court or magistrate designated therein, as well as before any other court to which same may be transferred ...." He argues that, since there was no order transferring the case to the 299th Judicial District Court, the designation of the 147th District Court in the bond must control. We think the argument fails to take into account the remaining words in Article 17.09, Section 1: the bond is valid "as well before any other court to which same may be transferred, *and for any and all subsequent proceedings had relative to the charge*." It is true that there was no order of transfer in this case, but neither the bond nor the statutes limit the validity of the bond to courts that receive cases by transfer. The statutes dealing with bail expand, rather than restrict, the obligation of a defendant to appear in a court in which subsequent proceedings are had, with or without transfer. The mention of the 147th District Court in the bond did not restrict the ability of another district court to take jurisdiction of a subsequent indictment, or limit the authority of the 299th Judicial District Court's grand jury to take up the case, or require that the term of the 147th Judicial District Court would control the application of Article 32.01.

We also granted review of the appellant's ground that the court of appeals' decision conflicts with decisions of this Court and other courts of appeals that a defendant may, or must, seek dismissal before indictment. *See, e.g., Tatum v. State*, 505 S.W.2d 548, 550 (Tex.Cr.App.1974).[10] The appellant argues

---

4. "The court of appeals violated the basic rule of statutory construction by taking words out of context and misconstrued chapter[s] seventeen and thirty two of the Code of Criminal Procedure because the State is required to present its indictment by the next term of the court in which the appellant was ordered to appear." Appellant's Petition for Discretionary Review at 3; Appellant's Brief at 2.

5. Appellant's Brief at 7, 8.

6. *See* Tex.Code Crim. Proc. art. 17.03.

7. *See id.*, art. 17.21.

8. *Id.*, art. 17.08(5).

9. *See id.*, art. 17.04.

10. We note the irony of the appellant's citing a decision which, if his argument were correct, would make it impossible for him to seek relief after indictment as he has here. The State has not sought to uphold the court of appeals' judgment on this basis, the court of appeals' decision did not rest on that basis, and the question is not before us.

that such a holding "implies that the case is pending before a district court prior to indictment." [11] There is no such holding or implication in *Tatum* or in the statutes. As the court of appeals pointed out, we held in *Ex parte Clear*, 573 S.W.2d 224, 229 (Tex. Crim.App.1978), that when the complaint was filed in the municipal court where the judge was sitting as a magistrate, that court had "sole jurisdiction over the complaint ... to the exclusion of all other courts, until the time the complaint was either dismissed by the court or superseded by the action of the grand jury." And, as the court of appeals pointed out, the district court has no jurisdiction of the criminal case until presented with an indictment or information. In such a case, the court with jurisdiction to dismiss the complaint would be the magistrate's court.

The judgment of the court of appeals is affirmed.

11. Appellant's Brief at 12.

Judge KELLER joins with note.

OVERSTREET, J., dissented.

KELLER, Judge, joins with the following note: I join the opinion. However, I continue to believe that the enforcement provision of former Article 28.061 as applied to Article 32.01 of the Texas Code of Criminal Procedure is a violation of the Texas Constitution's Separation of Powers Clause for the reasons stated in my dissenting opinion in *State v. Condran*, 977 S.W.2d 144 (Tex.Crim.App. 1998)(Keller, J., dissenting).