In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-04-00238-CR
           01-04-00239-CR
           01-04-00240-CR




EX PARTE MARIO YUBAN OCHOA, Appellant





On Appeal from the 183rd District Court 
Harris County, Texas
Trial Court Cause Nos. 976382, 976383, 976384 




MEMORANDUM OPINION
          These are accelerated appeals from the denial of writs of habeas corpus
relief. Appellant, Mario Yuban Ochoa, is charged by indictment in three trial-court
cause numbers, 970659, 973287, and 973288, with the offenses of indecency with
a child. The State alleges that appellant committed the offense in Cause No.
970659 while he was on bond on a charge of sexual assault. The trial court
initially set no bond, but later set bail at $100,000 for each offense of indecency
with a child. Appellant filed applications for writs of habeas corpus, asserting that
the $100,000 bail per charged offense imposed by the trial court is excessive. 
After hearing Ochoa’s applications for writs of habeas corpus and bond reduction,
the trial court denied relief. We affirm.
Standard of Review
          The standard of review for reviewing bail settings is whether the trial court
abused its discretion. See Ex parte Rubac, 611 S.W.2d 848, 850 (Tex. Crim. App.
1981); see also Ex parte Ruiz, 129 S.W.3d 751, 753 (Tex. App.Houston [1st
Dist.] 2004, no pet.) (clarifying standard). In exercising its discretion, a trial court
should consider the following factors in setting a defendant’s bail:
          1.       The bail shall be sufficiently high to give reasonable
assurance that the undertaking will be complied with.
 
          2.       The power to require bail is not to be used as an
instrument of oppression.
 
          3.       The nature of the offense and the circumstances under
which it is committed are to be considered.
 
          4.       The ability to make bail is to be regarded, and proof may
be taken upon this point. 
 
          5.       The future safety of a victim of the alleged offense and
the community shall be considered. 

Tex. Code Crim. Proc. Ann. art. 17.15 (Vernon Supp. 2004); see Ludwig v. State,
812 S.W.2d 323, 324 (Tex. Crim. App. 1991) (noting that the court is “to be
governed in the exercise of [its] discretion by the Constitution and by the [article
17.15 factors]”); Ruiz, 129 S.W.3d at 753. The burden of proof is on the defendant
who claims bail is excessive. Rubac, 611 S.W.2d at 849; Ruiz, 129 S.W.3d at 753. 
          The primary purpose for setting bond is to secure the presence of the
defendant in court at his trial. Ex parte Vasquez, 558 S.W.2d 477, 479 (Tex. Crim.
App. 1977); Ruiz, 129 S.W.3d at 753. In addition to the article 17.14 factors,
courts should consider the defendant’s work record, family ties, length of
residency, past criminal record, conformity with previous bond conditions,
aggravating factors involved in the offense, and whether he has any outstanding
bonds. Rubac, 611 S.W.2d at 849-50; Ruiz, 129 S.W.3d at 753. The defendant’s
inability to make bail is not dispositive of the amount of bail. Charlesworth, 600
S.W.2d 316, 317 (Tex. Crim. App. 1980). 
Application of Factors Setting Defendant’s Bail
A.      Nature of the Offense
          On October 18, 2001, appellant was released on a $15,000 bond for a sexual
assault charge allegedly committed against an adult. On December 9, 2003, he was
charged with indecency with a child (by contact), which allegedly occurred on
November 22, 2003, while appellant was on bond for the sexual assault offense. 
One month later, on January 7, 2004, appellant was charged with two additional
offenses that were allegedly committed before the alleged sexual assault: 
indecency with a child by contact, allegedly committed in July 2001 and indecency
with a child by exposure, allegedly committed in March 2000. 
          According to the four pending felony charges, appellant touched the genitals
of two children, exposed his genitals to a third child, and sexually assaulted an
adult. The two indecency-with-a-child-by-contact charges and the sexual assault
charge are second degree felonies under the Penal Code, punishable by
imprisonment for two to 20 years and a maximum fine of $10,000. See Tex.
Penal Code Ann. §§ 21.11(a)(1), (d) (Vernon 2003) (defining indecency with
child by contact and stating degree of felony), 22.011(a)(1)(A), (f) (Vernon 2003)
(defining sexual assault and stating degree of felony), 12.33(a), (b) (Vernon 2003)
(stating range of punishment and fine for second degree felonies). The fourth
charge, indecency with a child by exposure, is a third degree felony, punishable by
imprisonment for two to 10 years and a maximum fine of $10,000. Tex. Penal
Code Ann. §§ 21.11(a)(2)(A), (d) (Vernon 2003) (defining indecency with child
by exposure and stating degree of felony), 12.34(a),(b) (Vernon 2003) (stating
range of punishment and fine for third degree felonies). These are serious charges,
which, if proven, carry a substantial penalty in the aggregate. They involve
multiple complainants, multiple children, a continuing course of conduct allegedly
committed over a three-year time period, and include an offense allegedly
committed while on bond for charges of sexual assault. 
B.      Ability to Make Bail
          The court heard from two witnesses concerning appellant’s financial status,
family ties, and ability to make bail. These were Sal Contreras, his step-father, and
Mary Ann Contreras, his mother. Their testimony revealed the following
information concerning appellant’s financial status and family ties: (1) appellant is
a 25-year-old man who lived with his grandmother, had frequent contact with his
mother before incarceration, and could live with them upon release from jail, (2)
appellant was raised in Houston, (3) appellant was employed at Gallery Furniture
since fall 2001 until taken into custody, (4) appellant has no prior convictions and
surrendered to police when he learned of the arrest warrant in December 2003, (5)
appellant has $200 in savings and a 1994 Acura worth about $1,400, and (6)
appellant’s parents have a house, two vehicles, for which they are making
payments, and $1,000 in savings. 
          Appellant’s mother testified that she has not worked for the past 18 months
due to a work-related injury. She contacted three bondsman who required $30,000
cash and collateral worth $300,000 for the three bonds. The family could pay
$3,000, but not $30,000. 
          Neither the bondsman, nor the pretrial services interviewer, nor appellant,
however, verified appellant’s or his family’s claimed assets. Although appellant’s
parents offered evidence of their and appellant’s financial assets, appellant
presented no evidence concerning his own financial resources. See ex parte
Chavfull, 945 S.W.2d 183, 186-87 (Tex. App.San Antonio 1997, no pet.)
(holding that bail reduction unwarranted when, among other things, defendant put
on no evidence of his own individual resources). 
C.      Sufficiency of Bail to Assure Appearance But Not Oppress
          In challenging the $100,000 bail as oppressive, appellant emphasizes that he
appeared in court 19 times on the sexual assault charge, and that bail in that case
was set at only $15,000, yet sufficed to secure his attendance. Although a $15,000
bond was apparently sufficient to secure appellant’s appearance in court for over
two years, the sexual assault charge alone is punishable by up to 20 years. If
appellant were convicted of the four charged offenses, he could face 70 years of
confinement. And although appellant would be eligible for probation for his four
offenses if convicted, we can assume that he would less likely receive four
probated sentences for sexually related offenses against multiple complainants than
against one complainant. Moreover, it appears more likely that appellant would
receive a substantial prison sentence if convicted because the alleged crimes were
committed while out on bond for sexual assault. We are not persuaded, therefore,
that a lower bond would suffice to guarantee appellant’s appearance under the
circumstances presented here.
          A trial court may increase the amount of bail for an offense when the
defendant commits a new offense while on bail. Miller v. State, 855 S.W.2d 92,
93-94 (Tex. App.—Houston [14th Dist.] 1993, pet. ref’d). Appellant cites several
cases in which the Court of Criminal Appeals and this Court ordered bonds
reduced, but all are distinguishable.


 None involve defendants charged with
multiple offenses, some do not involve children, and none involve a defendant
accused of committing the offense of indecency with a child while that defendant
was out on bond on a charge of sexual assault. 
D.      Future Victim and Community Safety
          In over a two-year time span, appellant allegedly committed four sexually
based crimes with three different minor children and one adult. Perhaps as
importantly, appellant allegedly committed one of these offenses while out on
bond for charges of sexual assault. The community, therefore, appears to be at risk
while appellant is out on bond. 
Conclusion Appellant has not established that the trial court abused its discretion by
setting bail at $100,000 for each of the charged offenses of indecency with a child. 
Although appellant established substantial ties to the community as a long-term
resident of Houston who has sustained steady employment for over a year, the
aggravated nature of his offenses nevertheless warrants the higher bond under
circumstances that involve multiple complainants, children, and an alleged sexual
offense that occurred while out on bond for a sexual offense. We are not
persuaded that appellant would continue to appear in court to face the four sexually
related indictments, with the possibility of a 70-year sentence in the aggregate, in
the same manner as he has appeared over the past two years for the sexual assault
alone. Moreover, although appellant’s family demonstrated a lack of resources to
make bail, appellant did not show his own lack of resources for making bail. 
Under the totality of circumstances, the trial court could reasonably have
concluded that appellant poses a threat to the alleged victims or could repeat a
similar offense against another victim. 
          We conclude that the trial court did not abuse its discretion in setting
appellant’s bail. We affirm the orders of the trial court. 



     Elsa Alcala
     Justice

Panel consists of Justices Nuchia, Alcala, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).