Affirmed and Memorandum
Opinion filed January 13, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00979-CR 

NO. 14-10-00980-CR

NO. 14-10-00981-CR

NO. 14-10-00982-CR

NO. 14-10-00983-CR

____________

 

EX PARTE WILLIAM JACKSON

 



 

On Appeal from the 176th District Court

Harris County, Texas

Trial Court Cause Nos. 1280592,
1280593, 1280594, 1280595, & 1280596

 



 

M E M O R
A N D U M   O P I N I O N

William Jackson has been charged with five felony offenses. 
After originally denying bail, the trial court set pre-trial bail totaling
$810,000.  Jackson filed a pre-trial application for writ of habeas corpus
seeking a reduction of the bonds.   See Tex. Code Crim. Proc. art.
11.24.  The trial court denied relief, and this appeal followed.  See Tex.
R. App. P. 31.  We affirm.

Background

Jackson has been charged with the following: two charges of
tampering with governmental records in cause numbers 1187829 and 1187830;
engaging in organized criminal activity in cause number 1231219,
forgery-fraudulent use or possession of identifying information in cause number
1261302, and being a felon in possession of a firearm in cause number 1261303. 
Engaging in organized crime is a first degree felony.  The tampering and
forgery charges are second degree felonies, and the weapon charge is a third
degree felony.  The State enhanced each indictment, alleging Jackson had twice
before committed sequential felony offenses.  The trial court originally denied
bail after a hearing in May of 2009, and a record of that hearing has been
filed in this appeal. [1]   At some point not identified in our record, the
trial court set pre-trial bail at $80,000 each in cause numbers 1187829 and
118730, $350,000 in cause number 1231219, $200,000 in cause number 1261302, and
$100,000 in cause number 1261303, for a total bail amount of $810,000.[2]  On July 21, 2010, Jackson filed a
pre-trial application for writ of habeas corpus seeking a reduction of the
bonds to $30,000, $30,000, $50,000, $30,000, $20,000, respectively, for a total
bail amount of $160,000.  Jackson has not provided a record from any subsequent
hearing on the issue of bail.[3]  Our record contains an order
stating that on September 17, 2010, the trial court considered and denied
Jackson’s pre-trial application for writ of habeas corpus seeking a bail
reduction.  The trial court then signed a judgment denying relief in each
cause.

At the May hearing, the State established that Jackson was
arrested in September 2009 while a search warrant was being executed. 
According to the State, Jackson was creating false checks and fraudulent
driver’s licenses, and he was in possession of a large number of passport
photos and a large amount of cash.  Jackson made bond on the original charges.

After reviewing the computer confiscated pursuant to the
search warrant, the police discovered evidence of identity theft.  During a
subsequent search at Jackson’s home, police discovered a gun in the nightstand
drawer of the room where Jackson slept, and Jackson was arrested again.  New
charges of forgery and felon in possession of a weapon were filed.  

Standard
of Review

In two issues, Jackson contends that the trial court abused
its discretion in denying his request to lower his bonds.  He alleges generally
that bail is oppressively high, in violation of the state and federal
constitutions, without asserting any specific constitutional arguments.

We review a
trial court’s ruling on the setting of bond under an abuse of discretion
standard of review.  See Ex parte Rubac, 611 S.W.2d 848, 850 (Tex. Crim.
App. 1981); Milner v. State, 263 S.W.3d 146, 147 (Tex. App.—Houston [1st
Dist.] 2006, no pet.)  A defendant who seeks a reduction in the amount of bond
has the burden of proof to demonstrate that the bond is excessive.  Maldonado
v. State, 999 S.W.2d 91, 93 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d). 
A writ applicant has the burden to ensure that a sufficient record is presented
to show error requiring reversal.  See Ex parte Kimes, 872 S.W.2d 700,
703 (Tex. Crim. App. 1993).  An appellate court may not reduce the trial court’s
bail amount unless the applicant has satisfied this burden.  Ex parte Welch,
729 S.W.2d 306, 310 (Tex. App.—Dallas 1987, no pet.) (refusing to reduce bail
amount when reviewing court found, after considering evidence and factors
relevant to determining amount of bond, that “applicant has failed to satisfy
his burden of showing that the trial court abused its discretion in refusing to
lower applicant’s bond”).

Considerations
in Settling Bail

The primary purpose of an appearance bond is to secure the
accused’s presence at trial on the charged offense.  Id.  Bail should be
set high enough to give reasonable assurance that the defendant will appear at
trial, but it should not operate as an instrument of oppression.  Id.  Bail
set at an amount higher than reasonably calculated to fulfill this primary
purpose is excessive under the Eighth Amendment.  In re Durst, 148
S.W.3d 496, 498 (Tex. App.—Houston [14th Dist.] 2004, no pet.).  

While the decision regarding a proper bail amount lies within
the sound discretion of the trial court, the court is required to consider
criteria set forth in article 17.15 of the Texas Code of Criminal
Procedure, which provides as follows:

The amount of bail to be required in any case is to be
regulated by the court, judge, magistrate or officer taking the bail; they are
to be governed in the exercise of this discretion by the Constitution and by
the following rules:

1. The bail shall be sufficiently high to give
reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be used so as
to make it an instrument of oppression.

3. The nature of the offense and the circumstances
under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and
proof may be taken upon this point.

5. The future
safety of a victim of the alleged offense and the community shall be
considered.

Tex.Code Crim. Proc. Ann. art. 17.15 (Vernon 2005); see Ludwig v.
State, 812 S.W.2d 323, 324 (Tex. Crim. App. 1991) (noting that the court is
to be guided by the article 17.15 factors).  We measure the trial court’s
ruling against these criteria.  Ex parte Beard, 92 S.W.3d 566, 573 (Tex. App.—Austin
2002, pet. ref’d).

            In addition to these criteria, the trial court may consider
the following factors in determining bail: (1) the accused’s work record; (2)
the accused’s family and community ties; (3) the accused’s length of residency;
(4) the accused’s prior criminal record; (5) the accused’s conformity with
previous bond conditions, if any; (6) the existence of any other outstanding
bonds; and (7) aggravating circumstances alleged to have been involved in the
charged offense.  Maldonado, 999 S.W.2d at 93.

The Nature
and Circumstances of the Offenses

The nature of the offense and circumstances surrounding the
crime are primary factors in determining what constitutes reasonable bail.  See
Ex parte Davila, 623 S.W.2d 408, 410 (Tex. Crim. App. 1981); Ex parte Hunt, 138 S.W.3d 503, 506 (Tex. App.—Fort
Worth 2004, pet. ref'd).  In considering the nature of the offense, it is also
proper to consider the possible punishment.  Maldonado, 999 S.W.2d at
95; Wright v. State, 976 S.W.2d 815, 820 (Tex. App.—Houston [1st Dist.]
1998, no pet.).  When the nature of the offense is serious and involves
aggravating factors that may result in a lengthy prison sentence, bail must be
set sufficiently high to secure the defendant’s presence at trial.  In re
Hulin, 31 S.W.3d 754, 760 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

The record reflects that Jackson has been charged with a first
degree felony and four other lesser felonies.  Therefore, he could be sentenced
to up to 99 years in the Texas Department of Criminal Justice and assessed a
$10,000.00 fine if he is convicted.  See Tex. Penal Code § 12.32.  Because
of his prior convictions, the State alleges that Jackson is a habitual offender
who faces a minimum sentence of twenty-five years up to life in prison.  Tex.
Penal Code § 12.42(d).  Further, because the offenses arose out of two separate
incidents, the State asserts that Jackson could receive two life sentences.

These offenses are serious.  The State offered evidence that
Jackson committed additional felonies while out on bond on the initial felony
charges.  The nature of these offenses and the range of punishment warrant a
bond sufficiently high to secure Jackson’s presence at trial.  See Ex parte
Welch, 729 S.W.2d 306, 309 (Tex. App.—Dallas 1987, no pet.).

Ability to
Make Bond

The accused’s ability to make bond is merely one factor to be
considered in determining the appropriate amount of bail.  See Tex. Code
Crim. Proc. Ann. art. 17.15(4); Ex parte Brown, 959 S.W.2d 369, 372
(Tex. App.—Fort Worth 1998, no pet.).  A defendant’s inability to secure bond for
the bail set by the trial court does not automatically render the bail
excessive.  Id.  If the ability to make bond in a specified amount
controlled, the role of the trial court in setting bond would be unnecessary
and the accused would be able to set his own bond.  Gonzalez v. State,
996 S.W.2d 350, 353 (Tex. App.—Houston [14th Dist.] 1999, no pet.).  

To show that he is unable to make bail, a defendant generally
must show that his funds have been exhausted.  See Ex parte Willman, 695
S.W.2d 752, 754 (Tex. App. —Houston [1st Dist.] 1985, no pet.).  Unless he has
shown that his funds have been exhausted, a defendant should show that he made
an unsuccessful effort to furnish bail before bail can be determined to be
excessive.  Id.

We have no record of any testimony about Jackson’s ability to
make bond.  Attached to the writ application, Jackson’s wife provided a
conclusory affidavit that she “tried to post” the bonds, but was unsuccessful. 
She did not identify any bonding companies that she had contacted.  She
asserted that each bonding company required ten percent cash for a total of $91,000
with collateral of $900,000, and that Jackson did not have sufficient
collateral or funds.[4]

Jackson’s wife testified at the May hearing, but she largely
contested her husband’s guilt instead of addressing factors relative to setting
bail.  Her testimony addressed the family’s finances, but she had difficulty
estimating the family’s monthly income.  She and Jackson operated a used car
lot.  Initially, she estimated that the monthly income from the car business
was $3,500.  She receives $3,000 per month from her job at a hospital and she
receives child support for her sons.  She also testified that her husband had
income from a store he owned with another business partner that she estimated
at $1,500, but she did not know the details.  She later testified that she was
not sure if her husband still owned an interest in the store.  She later
concluded that they received $12,600 per month from the car lot with an
additional $4,500 from other sources.  She also testified that she and Jackson received
unspecified rental income from some duplexes.  She estimated that their
expenses were about $5,000 per month.

Even if we considered this evidence from the May hearing, Jackson’s
wife provided no documentation to show the family income.  Her unsupported, vague
and conclusory testimony does not justify a reduction in the bonds.  See Ex parte
Chavfull, 945 S.W.2d 183, 186-87 (Tex. App.—San Antonio 1997, no pet.) (affirming
refusal to lower bond despite mother’s testimony that defendant had no money
and family could only raise $1000); Balawajder v. State, 759 S.W.2d 504,
506 (Tex. App.—Fort Worth 1988, pet. ref’d) (noting that vague references to
inability to make bond do not justify a reduction in the amount set); Ex
parte Miller, 631 S.W.2d 825, 827 (Tex. App.—Fort Worth 1982, pet. ref’d)
(recognizing that it is incumbent on the accused to show that he has made an
effort to obtain a bond in the amount set).  Because Jackson provided only
general information supporting his claimed inability to make bail and efforts
to secure bond, the trial court could have properly concluded that the amount
of bail was reasonable under the circumstances.  See Scott, 122 S.W.3d at
870.  

Safety of
the Victim and the Community

The future safety of both the community and the victim of the
alleged offense are to be considered in determining the appropriate amount of
bond.  See Tex. Crim. Proc. art 17.15(5) (Vernon 2005).  The trial court
may have considered that Jackson continued to commit crimes while on bond and
was therefore a continuing danger to the public.  In addition, Jackson’s
possession of a weapon after a previous conviction for robbery weighs against
reduction of his bonds.  The trial court may have concluded within its
discretion that the number of offenses warranted a bail sufficient to ensure
the safety of the community as a whole and of the individual victims and
witnesses who may testify at trial.  See Chavfull, 945 S.W.2d at 187
(considering defendant’s potential danger to the community as a factor in
denying reduction of bond).  

Other
Factors

The trial court may also consider the defendant’s work
record; family and community ties; length of residency; and his prior criminal
record.  Maldonado, 999 S.W.2d at 93.  The very limited evidence from
the May hearing shows that Jackson and his wife operate a car lot, but there is
no evidence to establish ownership of any specific real property.  Jackson’s
wife testified they had been married six years and lived at a Harris County
address for three years.  There is also evidence that Jackson has a criminal
history, with at least two prior felony convictions.  Jackson’s wife testified
he was on parole for 99 years.  The trial court may have determined within its
discretion that appellant’s ties to the community were insufficient to assure
his appearance at trial while he faced two life sentences.  See, e.g., Brown,
959 S.W.2d at 373 (refusing to lower bond where seriousness of crime and
potential punishment together with insufficient ties to the community made
applicant a flight risk).

Conclusion

Jackson has the burden to present to this court a sufficient
record.  We cannot determine the trial court abused its discretion in refusing
to reduce bail without a record of what the trial court considered in making
the decision.  Jackson has not provided a record of any hearing on his
application to reduce his bonds.

Jackson has not met his burden to establish that the bonds in
these cases are excessive.  We hold that the trial court did not abuse its
discretion in denying his request to lower the bonds. 

Accordingly, we overrule Jackson issues and affirm the trial
court’s order and judgments.

 

PER CURIAM

 

 

 

Panel consists of Justices
Anderson, Seymore and McCally.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  The
trial court originally concluded that Jackson met the requirements under
section 11(a) of Article I of the Texas Constitution to be held without bail
because he was a habitual offender with sequential felony convictions and the
State had made a substantial showing that he had committed additional felony
offenses while on a felony bond.  See Tex. Const. art. I, § 11(a) (“Any
person (1) accused of a felony less than capital in this State, who has been
theretofore twice convicted of a felony, the second conviction being subsequent
to the first, both in point of time of commission of the offense and conviction
therefor, (2) accused of a felony less than capital in this State, committed
while on bail for a prior felony for which he has been indicted, . . . after a hearing, and upon evidence substantially
showing the guilt of the accused of the offense . . . may be denied bail
pending trial, by a district judge in this State . . . “)  





[2]  The
record does not contain the order setting the bonds that Jackson sought to
reduce through this writ proceeding.  





[3]  The
official court reporter confirmed that no record was made of a subsequent
hearing on Jackson’s writ application.





[4]  It is
unclear whether these figures are in error because the bonds totaled $810,000.